IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LINDA WIMBERLY,<br><br>　　　　　　　　Plaintiff<br><br>　　　　VS.<br><br>MICHAEL J. ASTRUE, Commissioner,<br>Social Security Administration,<br><br>　　　　　　　　Defendant | NO.  5:09-CV-3 (CWH)<br><br>PROCEEDING UNDER 42 U.S.C. § 405(g)<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## ORDER ON MOTION TO DISMISS

　　　　Pending in this appeal under 42 U.S.C § 405(g) is a motion to dismiss filed by the defendant at Tab #9.   Defendant Commissioner asserts that the this action should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because Plaintiff failed to show that this Court has subject-matter jurisdiction.  Plaintiff Linda Wimberly, who is represented by counsel, has not responded to the motion.  The parties have consented for disposition of this case by the U. S. Magistrate Judge pursuant to 28 U.S.C. §636(c)(3).

　　　　Plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Act on November 26, 2004. (Decl. of Earnest Baskerville ¶ (4)(a)) The Commissioner denied Plaintiff's November, 2004 application on February 22, 2005. (Decl. of Earnest Baskerville ¶ (4)(a).) The Commissioner determined Plaintiff was not disabled prior to the expiration of her insured status on December 31, 2000. (Social Security Notice (Exh. 2 attached to Decl. of Earnest Baskerville).) The notice explained to Plaintiff that she had sixty (60) days to appeal if she disagreed with the decision. (Social Security Notice, p. 1-2.) The Commissioner has no record that Plaintiff appealed the denial of her November 2004 application. (Decl. of Earnest Baskerville ¶ (4)(a).)

Plaintiff filed another application for a period of disability and disability insurance benefits on June 22, 2006. (Decl. of Earnest Baskerville ¶ (4)(b).) On May 20, 2008, an administrative law judge (ALJ) dismissed Plaintiff's request for a hearing regarding her June 2006 application on the basis of *res judicata* because Plaintiff's request for hearing involved her rights on the same facts and on the same issues decided in the determination dated February 22, 2005, made on her prior November 2004 application. (Decl. of Earnest Baskerville ¶ (4)(b).) The ALJ noted in his Order of Dismissal that the prior February, 2005 determination was issued after Plaintiff's insured status expired on December 31, 2000. (Order of Dismissal, p. 1 (Exh. 1 attached to Decl. of Earnest Baskerville).) The ALJ noted the February 2005 determination became administratively final because Plaintiff did not request review within the stated period. (Order of Dismissal, p. 1.) The ALJ found no basis for extending the time for requesting review as Plaintiff did not have or allege a mental impairment, found no basis for reopening the prior determination, and further noted that Plaintiff Wimberly had not submitted new and material evidence and no change in a statute, regulation, ruling, or legal precedent had occurred concerning the facts and issues ruled upon in connection with the previously adjudicated period. (Order of Dismissal, p.1- 2.)

Plaintiff filed a request for review of the ALJ's Order of Dismissal on July 15, 2008. (Declaration of Earnest Baskerville ¶ (4)©.) On November 6, 2008, the Appeals Council denied Plaintiff's request for review of the ALJ's Order of Dismissal. (Declaration of Earnest Baskerville ¶ (4)(d).) Plaintiff filed her complaint in this Court on January 2, 2009. (Declaration of Earnest Baskerville ¶ (4)(e).)

The Commissioner asserts that this court does not have subject-matter jurisdiction as Plaintiff did not appeal a "final" decision.  Plaintiff seeks judicial review of the dismissal of her request for a hearing regarding her June 2006 application for a period of disability and disability insurance benefits under Title II of the Act. (Compl. ¶¶ 4, 5.) Judicial review of a claim arising under Title II of the Act is provided for and limited by 42 U.S.C. § 405(g), which states in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides . . . .

In addition, 42 U.S.C. § 405(h) states in pertinent part:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

The Supreme Court has held that 42 U.S.C. § 405(h) provides that 42 U.S.C. § 405(g), to the exclusion of the federal jurisdiction statute, is the sole avenue for judicial review of claims arising under the Act. *See Heckler v. Ringer*, 466 U.S. 602, 614-15, 627 (1984); *Mathews v. Eldridge*, 424 US 319, 327 (1976). Further, under the doctrine of sovereign immunity, all requirements for judicial review as set forth in the statute must be satisfied. *See United States v. Dalm*, 494 U.S. 596, 608 (1990). Accordingly, 42 U.S.C. § 405(g) is the exclusive jurisdictional basis for judicial review of cases arising under the Act.

The Act does not define "final decision," instead leaving it to the Commissioner to give meaning to that term through regulations. *See* 42 U.S.C. § 405(a); *Sims v. Apfel*, 530 U.S. 103, 106 (2000); *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Under the Act, the authority to determine what constitutes a "final decision" ordinarily rests with the Commissioner because he has ultimate responsibility for the integrity of the administrative program. *See Mathews*, 424 U.S. at 330. Social Security regulations provide that the Commissioner may dismiss a hearing request and decline to issue a "final decision" if:

> The doctrine of *res judicata* applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action; . . . .

20 C.F.R. § 404.957(c)(1) (2008); *See Cash v. Barnhart*, 327 F.3d 1252, 1255 (11th Cir. 2003);

*Holland v. Heckler*, 764 F.2d 1560, 1562 (11th Cir. 1985). "If the Secretary finds *res judicata*

applicable, that finding is generally unreviewable by the federal courts because it is not a 'final decision of the Secretary made after a hearing' as required by the Social Security Act for federal jurisdiction." *Holland*, 764 F.2d at 1562 (citing 42 U.S.C. § 405(g) and *Califano v. Sanders*, 430 U.S. 99, 108 (1977).

As discussed by the ALJ in his May 20, 2008, Order of Dismissal, Plaintiff's June, 2006 application for a period of disability and disability insurance benefits involved the same facts and issues as her November, 2004 application for a period of disability and disability insurance benefits. (Order of Dismissal, p. 1-2.) Plaintiff alleged the same disability onset date of September 1, 1996; her date last insured of December 31, 2000, has not changed; and she failed to present new and material evidence regarding her status during the period before her insured status expired. (Order of Dismissal p. 1-2.) The Commissioner's determination dated February 22, 2005, became final when Plaintiff failed to request reconsideration. *See* 20 C.F.R. § 404.905 (2008).

A claimant may obtain judicial review of a *res judicata* finding by the Commissioner only if the claimant alleges a colorable constitutional violation. *See Holland*, 764 F.2d at 1562. Plaintiff, however, did not allege or present a colorable constitutional claim. Accordingly, this Court has no jurisdiction to review Plaintiff's claim; therefore, the Commissioner's motion to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is **GRANTED**.

SO ORDERED, this 2nd day of DECEMBER, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE